IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE

JAMES A. TURNER,

      Plaintiff,

v.

LINDA M. TURNER,

      Defendant.

Davidson Circuit No. 95D-2811
C.A. No. 01A01-9704-CV-00188

Hon. Muriel Robinson, Judge

**FILED**

**January 28, 1998**

**Cecil W. Crowson
Appellate Court Clerk**

DOT DOBBINS, Nashville, Attorney for Plaintiff.

PHILIP W. DUER, Nashville, Attorney for Defendant.

*MODIFIED IN PART AND AFFIRMED IN PART*

Opinion Filed:

**TOMLIN, Sr. J.**

      James A. Turner ("husband") filed suit for divorce against Linda M. Turner ("wife") in the Circuit Court of Davidson County. Wife filed an answer and a counterclaim. Following a hearing, the trial court declared both parties divorced pursuant to T.C.A. § 36-4-129. In addition to making a division of property the court awarded wife alimony *in futuro* in the amount of $350 per month until the marital home was sold and $650 per month thereafter. The sole issue on appeal is whether or not the trial court erred in awarding wife alimony *in futuro* rather than rehabilitative alimony. For the reasons hereinafter stated, we are of the opinion that the alimony awarded should have been rehabilitative in nature, and hereby modify and affirm.

      Relevant facts are not in dispute. At the time of divorce, husband and wife were each forty-one years of age. They had been married twenty-three years and had two adult children. Husband had received some college training. At the time of the divorce he was working as a computer analyst for Deloitte and Touche, with a gross annual income of approximately $65,000. The wife had also taken a few college courses and at the time of the divorce was employed at two jobs, one as a full-time receptionist and one as a part-time cashier. Wife's gross income from both jobs was approximately $23,000 per year. Her other employment experience included work as an educational assistant, a library aide, and as a teacher at a day care center.

      Wife testified regarding the cost of various educational courses that would help her increase

1

her earning potential in her current receptionist's job. The cost for these classes were approximately $100 per month. If she obtained a degree at a local junior college wife testified that the cost would be approximately $10,000.

Our scope of review is *de novo* upon the record in the trial court. Findings of fact come to this court with a presumption of correctness, which we must affirm unless the evidence preponderates against these findings. Rule 13(d) T.R.A.P.

T.C.A. § 36-5-101(d)(1) (1996 & Supp. 1997) sets forth what type of alimony should be awarded by the courts of this state. The courts of this state have interpreted this section as creating a legislative preference for rehabilitative alimony over alimony *in futuro* whenever possible. See Storey v. Storey, 835 S.W.2d 593, 597 (Tenn. App. 1992). After reviewing this record, we are of the opinion that justice would be better served by the awarding of rehabilitative alimony to wife rather than alimony *in futuro*, but with some modification as to amount.

Wife is in her early forties, with many productive years ahead of her prior to retirement. While she has limited work experience, there are no barriers to interfere with her training such as extensive debt or minor children. We note that the trial court did not award wife any alimony for educational purposes because of the substantial proceeds that she would receive from the distribution of marital property. Nonetheless, wife should not have to deplete her assets in order to further her career. Wife testified that she could pursue a degree and still keep her full-time employment by replacing the time she spent each week on her part-time job with a 15 hour course load at a local college. According to her testimony, this would permit her to obtain her degree in a minimum of two years. However, in order to do this she would have sacrifice a portion of her income in order to accomplish this goal. On the other hand, wife's testimony in the form of her statement of income and expenses shows a net loss of $974 per month.

In awarding wife rehabilitative alimony rather than alimony *in futuro,* nonetheless this court feels that the financial trauma of being relegated to a single person, and being self-supported, should be buffered somewhat. Accordingly, we modify the trial court's award of alimony *in futuro* to an award of rehabilitative alimony, establishing the amount of $850 per month for six years. The trial court's judgment is otherwise in all other aspects affirmed. Costs in this cause on appeal, are taxed one-half to husband and one-half to wife for which execution may issue if necessary.

_____
TOMLIN, SR. J.


_____
CRAWFORD, P. J. W. S.  (CONCURS)


_____
FARMER, J.  (CONCURS)